UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TIMOTHY TIJWAN DOCTOR,

               Petitioner,

v.                                    Case No.: 3:21-cv-745-MMH-MCR
                                            3:18-cr-226-MMH-MCR

UNITED STATES OF AMERICA,

               Respondent.

_____/

## **ORDER**

Petitioner Timothy Tijwan Doctor moves to vacate his conviction and sentence under 28 U.S.C. § 2255 (Civ. Doc. 1, § 2255 Motion; Civ. Doc. 2, Memorandum; Civ. Doc. 3-1, Doctor's Affidavit).[1] Doctor pled guilty to one count of possession of a firearm by a convicted felon and was sentenced to 180 months in prison under the Armed Career Criminal Act (ACCA). See 18 U.S.C. §§ 922(g)(1), 924(e). Doctor challenges the voluntariness of his plea based on Rehaif v. United States, 139 S. Ct. 2191 (2019). The United States responded in opposition (Civ. Doc. 8, Response) and Doctor replied (Civ. Doc. 9, Reply). Thus, the case is ripe for decision.

---

[1] "Civ. Doc. ___" refers to docket entries in the § 2255 case, No. 3:21-cv-745-MMH-MCR. "Crim. Doc. ___" refers to docket entries in the criminal case, No. 3:18-cr-226-MMH-MCR.

Under 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is unnecessary to resolve the motion. No evidentiary hearing is required because Doctor's allegations are affirmatively contradicted by the record, patently frivolous, or even assuming the facts he alleges are true, he still would not be entitled to relief. Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015); see also Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3]

## I.    Background

In 2018, a federal grand jury indicted Doctor on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Crim. Doc. 1, Indictment. Doctor pled guilty to the charge without a plea agreement. See Crim. Doc. 57, Change of Plea Transcript. He admitted that on August 11, 2018, he "knowingly possessed a firearm, which is a Ruger 9mm pistol, as charged in Count One of the indictment." Id. at 25. Doctor further acknowledged that before he possessed the firearm, he had been

---

[2] Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

convicted of "a crime for which the judge could have imprisoned [him] for more than one year; . . . a prior felony offense." Id. Doctor affirmed that his plea was knowing and voluntary, that nobody had threatened or coerced him into pleading guilty, and that he was not relying on any promises or assurances in doing so. Id. at 29–30. Doctor also stated that he had sufficient time to discuss his case with his attorney, Patrick Korody, and that he was satisfied with his representation. Id. at 31. In the end, Doctor confirmed that it was his ultimate decision to plead guilty. Id. at 32.

The Magistrate Judge who presided over the plea colloquy reported that "[a]fter cautioning and examining [Doctor] under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense." Crim. Doc. 24, Report and Recommendation Concerning Plea of Guilty. On May 10, 2019, the Court accepted Doctor's guilty plea and adjudicated him accordingly. Crim. Doc. 25; Acceptance of Plea.

According to the Presentence Investigation Report (PSR), Doctor qualified for an enhanced sentence under the ACCA based on a 2006 conviction for the sale or delivery of cocaine (two counts), in violation of Florida Statutes Section 893.13(1)(a)1, and a 2012 conviction for the sale, manufacture, or delivery of cocaine within 1000 feet of a church, in violation of Florida Statutes

Section 893.13(1)(e)1. See Crim. Doc. 41, PSR ¶ 21. At the sentencing hearing, Doctor contested whether he qualified under the ACCA because two of the three predicate offenses were charged in the same information and occurred only six days apart. Crim. Doc. 49, Sentencing Transcript at 5; see also Crim Doc. 39, Doctor's Sentencing Memorandum at 3–4. In support of the ACCA classification, the government submitted as exhibits the informations and corresponding judgments of conviction for Doctor's predicate offenses. Crim. Docs. 42-1 through 42-3; see also Sentencing Transcript at 6–7. Having considered the arguments and the evidence, the Court overruled Doctor's objection, Sentencing Transcript at 8, and sentenced Doctor to the mandatory minimum term of 180 months in prison, followed by five years of supervised release, id. at 26; see also Crim. Doc. 43, Judgment.

Doctor appealed his sentence, arguing that the Court erred in sentencing him under the ACCA because two of his predicate offenses were not committed on occasions different from one another. United States v. Doctor, 838 F. App'x 484, 485 (11th Cir. 2020). The Eleventh Circuit Court of Appeals rejected his argument, citing United States v. Longoria, 874 F.3d 1278 (11th Cir. 2017). Doctor, 838 F. App'x at 486. Thus, the Eleventh Circuit affirmed Doctor's conviction and sentence. Id. at 487.

Doctor petitioned the United States Supreme Court for certiorari review, which the Supreme Court denied. Doctor v. United States, 141 S. Ct. 1449

4

(2021). This § 2255 Motion timely followed. See § 2255 Motion at 12; see also Houston v. Lack, 487 U.S. 266, 276 (1988) (prison mailbox rule).

## II.    Governing Law

Pursuant to Title 28, United States Code, § 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits such collateral challenges on four specific grounds: (1) the imposed sentence was in violation of the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184–86 (1979); Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)).

A § 2255 movant "bears the burden to prove the claims in his § 2255 motion." Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015); see also Beeman v. United States, 871 F.3d 1215, 1221–23 (11th Cir. 2017). If "the

5

evidence does not clearly explain what happened . . . the party with the burden loses." <u>Beeman</u>, 871 F.3d at 1225 (internal quotation marks and citation omitted). Moreover, a § 2255 movant is not entitled to a hearing, much less relief, "when his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." <u>Tejada v. Dugger</u>, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

## III. Discussion

Doctor raises a single ground for relief in his § 2255 Motion and Memorandum. He alleges that his plea was involuntary and unintelligent because neither defense counsel nor the Court notified him that, to convict a defendant under § 922(g), the government "must prove 'that the defendant knew he possessed a firearm and also that he knew [] he had the relevant status when he possessed it.'" Memorandum at 7 (quoting <u>Rehaif</u>, 139 S. Ct. at 2194). According to Doctor, he "was utterly unaware that he was prohibited from possessing a firearm," <u>id.</u>, and, if he had known about the knowledge-of-status element of the offense, he would not have pled guilty, Doctor's Affidavit at ¶ 4. The government responds that the claim is procedurally defaulted, and Doctor can demonstrate neither cause and prejudice, nor actual innocence to excuse the default. Response at 7–15.

"Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." <u>Lynn v.</u>

United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal," including constitutional claims, "or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234 (citations omitted). "A defendant can avoid a procedural bar only by establishing one of two exceptions to the procedural default rule." Id. The first is the cause-and-prejudice exception, under which "a § 2255 movant can avoid application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn, 365 F.3d at 1234). The second exception is actual innocence, under which "a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. at 1196. "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." Id. (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

On direct appeal, Doctor failed to challenge the validity of his plea on the ground that he did not know an essential element of the offense to which he pled. As such, the claim is procedurally defaulted unless Doctor can

demonstrate either cause and prejudice or actual innocence. See Carlyle v. United States, 836 F. App'x 780, 783 (11th Cir. 2020) (per curiam) (finding § 2255 movant procedurally defaulted claim that his guilty plea was involuntary in light of Rehaif where he failed to raise it on direct appeal).

To the extent Doctor argues that the novelty of Rehaif constitutes cause to excuse the procedural default, the Court is not persuaded. Although the novelty of a claim may provide cause for excusing procedural default, a claim must be "truly novel, meaning that 'its legal basis [was] not reasonably available to counsel.'" United States v. Bane, 948 F.3d 1290, 1297 (11th Cir. 2020) (quoting Reed v. Ross, 468 U.S. 1, 16 (1984)). In this context, the Eleventh Circuit has distinguished between claims based on statutory interpretation and those based on a new rule of constitutional law, with the latter determined to be truly novel. Id. In Rehaif, the Supreme Court held that to convict a defendant of unlawful possession of a firearm, the government must prove not only "that the defendant knew he possessed a firearm," but also that he knew he belonged to a category of persons that § 922(g) prohibits from possessing a gun. 139 S. Ct. at 2194, 2200. The Supreme Court reasoned that since § 924(a)(2) provides that anyone who "knowingly violates" § 922(g) will be fined or imprisoned for up to 10 years, the word "knowingly" applies to the status element as well as the possession element. Id. at 2194, 2195–96. Premised on a change in statutory interpretation, Rehaif challenges are not

sufficiently novel to provide cause for procedural default. See United States v. Innocent, 977 F.3d 1077, 1084 (11th Cir. 2020). Moreover, the Court sentenced Doctor on March 16, 2020, see Judgment, and the Supreme Court issued its opinion in Rehaif on June 21, 2019. As such, the argument was available to Doctor when he pursued a direct appeal. Therefore, Doctor has not established that he can avoid the default under the cause-and-prejudice exception.

Nor has Doctor established that he can overcome the default under the actual innocence exception. Indeed, Doctor does not allege, let alone point to any evidence suggesting, that he did not know of his felon status when he possessed the firearm. He instead states that he "was unaware that he was prohibited from possessing a firearm." Memorandum at 3. However, Rehaif requires the government to prove "that a defendant knew of his status as a person barred from possessing a firearm, . . . not . . . that the defendant knew he could not possess a gun." United States v. Leonard, 4 F.4th 1134, 1145 n.5 (11th Cir. 2021) (citing Rehaif, 139 S. Ct. at 2200). And Doctor has never disputed his felon status.

Moreover, record evidence establishes the knowledge-of-status element of the offense. To begin, Doctor admitted he was a convicted felon, Change of Plea Transcript at 25, and "[i]f a person is a felon, he ordinarily knows he is a felon." Greer v. United States, 593 U.S. 503, 508 (2021). Second, "someone who has been convicted of felonies repeatedly is especially likely to know he is a

felon." <u>Innocent</u>, 977 F.3d at 1082 (citation omitted). Doctor had eight felony convictions prior to this case: a 1998 conviction for a lewd or lascivious act; 2000, 2003, 2004, and 2009 convictions for possession of cocaine; a 2006 conviction for the sale or delivery of cocaine (two counts); a 2008 conviction for failure to comply with sexual offender requirements; and a 2012 conviction for the sale, manufacture, or delivery of cocaine within 1000 feet of a church. Indictment at 1–2. Third, "serving more than a year in prison provides circumstantial evidence of knowledge of felon status." <u>Innocent</u>, 977 F.3d at 1083 (citations omitted). Doctor served approximately five years in prison for his 2012 conviction. PSR at ¶ 45. In sum, there is strong circumstantial evidence that Doctor knew he was a felon when he possessed the firearm.[4] Accordingly, he cannot avoid the procedural default bar, and relief on the claim is due to be denied.

## IV.   Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."

---

[4] For this same reason, no reasonable probability exists that Doctor would have proceeded to a trial if either the Court or defense counsel had informed him of the knowledge-of-status element. <u>United States v. Dominguez Benitez</u>, 542 U.S. 74, 83 (2004); <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). Therefore, his claim also fails on the merits.

28 U.S.C. § 2253(c)(2). To make this substantial showing, Doctor "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335–36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

When a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u> Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now **ORDERED:**

1.      Petitioner Timothy Tijwan Doctor's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2.      The Clerk shall enter judgment in favor of the United States and against Doctor, and close the file.

11

3.     If Doctor appeals this Order, the Court denies a certificate of appealability (COA). Because this Court has determined that a COA is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed. Such termination will serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of April, 2024.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 4/8
c:
Timothy Tijwan Doctor, #71550-018
Counsel of record