UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                      Case No. 3:18-cr-226-MMH-MCR

TIMOTHY TIJWAN DOCTOR
_____/

**ORDER**

This case is before the Court on Defendant Timothy Tijwan Doctor's Petition for Relief of Judgment, which the Court construes as a § 2255 motion. (Doc. 61; § 2255 Motion). In the Motion, Doctor argues that the Supreme Court's decision in Erlinger v. United States, 602 U.S. 821 (2024) necessitates relief from judgment entered in his criminal case. Id. at 1-2. The United States has moved to dismiss the § 2255 Motion because it is an unauthorized second or successive § 2255 motion. See generally United States' Motion to Dismiss for Lack of Jurisdiction (Doc. 63; Motion to Dismiss). On September 11, 2024, Doctor filed a Petition for Rehearing and Reconsideration (Doc. 64; Reply), which the Court construes as a reply. Upon review of the record, the Court determines that the United States' Motion to Dismiss is due to be granted.

In April 2019, Doctor pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

1

See Acceptance of Plea of Guilty, Adjudication of Guilt, and Notice of Sentencing (Doc. 25; Adjudication of Guilt). The Court sentenced him to 180 months imprisonment. See Judgment in a Criminal Case (Doc. 43; Judgment). In July 2021, Doctor challenged that conviction and sentence under 28 U.S.C. § 2555. See Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by Person in Federal Custody (Doc. 56; First § 2255 Motion). On April 26, 2024, the Court denied the First § 2255 Motion on the merits. See Order (Doc. 59; § 2255 Order).

In the instant § 2255 Motion, Doctor challenges the same conviction that he challenged in the First § 2255 Motion. As such, this § 2255 Motion constitutes a "second or successive" § 2255 motion. See Boyd v. United States, 754 F.3d 1298, 1302 (11th Cir. 2014) ("[S]econd or successive status only attaches to a judgment on the merits.") (citing Slack v. McDaniel, 529 U.S. 473, 485-86 (2000)). Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal prisoner may file a second or successive § 2255 motion "in only the narrowest of circumstances." Wofford v. Scott, 177 F.3d 1236, 1237 (11th Cir. 1999), overruled on other grounds by McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1100 (11th Cir. 2017) (en banc). Indeed, AEDPA instructs:

2

> [F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either:
>
> (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam) (quoting 28 U.S.C. § 2255(h)). Notably, if the circuit court of appeals has not authorized a federal prisoner to file a second or successive motion under § 2255, the district court cannot entertain the motion because "[t]he bar on second or successive motions is jurisdictional[.]" In re Morgan, 717 F.3d 1186, 1193 (11th Cir. 2013) (citing Panetti v. Quarterman, 551 U.S. 930, 942 (2007)).

Here, the Eleventh Circuit has not authorized Doctor to file this second or successive motion. As such, the instant § 2255 Motion is due to be dismissed without prejudice. Section 2255(h)(2) provides the

3

appropriate vehicle for Doctor to seek relief if he believes that the Supreme Court's decision in <u>Erlinger</u> announced new, previously unavailable rules of constitutional law that are retroactive on collateral review. Doctor cannot circumvent that procedure by seeking relief from this Court without prior approval.

Accordingly, it is

**ORDERED:**

1. The United States' Motion to Dismiss (Doc. 63) is **GRANTED**.

2. Doctor's Petition for Relief of Judgment (Doc. 61) is **DISMISSED WITHOUT PREJUDICE** to his right to re-file it if the Eleventh Circuit Court of Appeals grants him permission to do so.

3. The Clerk is directed to provide Doctor a copy of the form for applying to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate.

4. The Clerk shall close the case.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of January, 2025.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

4

lc 34
Enclosure

Copies:

Pro se petitioner
Counsel of record